Case number seven this morning is Walker v. Weatherspoon Mr. Flexman May it please the court, this case is about the search of Katrina Walker's home. The police officers were looking for a male drug dealer named T. They didn't find him because he didn't live in Ms. Walker's house. Ms. Walker's a correctional officer at the Cook County Jail. There's no accusation that she has anything to do with drugs. The officers learned within minutes of beginning their search that T didn't live in the home. Nevertheless, a team of eight officers spent at least two hours combing through Ms. Walker's belongings. A jury must determine whether that two-hour search was reasonable. A jury is also needed to determine whether Officer Weatherspoon properly procured the warrant to search Ms. Walker's home. The warrant was based on an anonymous informant's tip. Officer Weatherspoon attempted to corroborate the information that he got from the informant. He showed photos to the tipster to try to get her to identify who T was. Both times he tried that, it failed. He looked for T's car that the tipster told him would be in an abandoned lot next to the house. He went by the house at least four times, couldn't find the car. Finally, he observed the home. The tipster had told him that T was dealing drugs all day and all night from the house. Despite going by the house four different times. Counsel, I do think we need to discuss appellate jurisdiction. Absolutely. The question for appellate jurisdiction is when the final judgment was entered. In this case, the separate document required by Rule 58 wasn't entered until August 16, 2017. That's clear enough. The problem you face, in which your briefs did not discuss, is Rule of Appellate Procedure 4A7A1, which says that the judgment is deemed to be entered on the earlier of compliance with Rule 58, or 150 days after the decision is announced. You're not safe in waiting for the Rule 58 judgment. That's the problem. The rule applies to 150 days from a final judgment by the district court. No, from a final decision. Even when there is no judgment. That's the whole point of Rule 4A. The appellant's position is that the final decision was not entered when the court entered its docket entry, stating, for the reasons in the forthcoming Memorandum of Opinion and Order, summary judgment is granted. That district court told the parties there's a condition that has to be satisfied before you have a final decision. No, unfortunately, if the document had said, I've decided to grant summary judgment and such a judgment will be entered when I release my opinion, you might have some support, but it's not what it said. It just said, summary judgment is entered. Those words that you just gave me are not in the written order. No, they're not. But they are the way that all of the parties to the case read the order, and based on the court's later order saying enter the final judgment after it issued its written order, we know that was the court's intent, that the final decision wasn't until this condition. Is there some reason why you didn't file a protective notice of appeal? The reason that plaintiff's counsel at that time didn't file a protective notice of appeal is because, like the defendants in the case, they read the court's order as a non-final decision. The whole point of a protective notice of appeal is to avert risk. There are two steps after the adoption of Rule 4A.7 that will avert risk. One is the protective notice of appeal, and the other is the protective Rule 59 motion. Either one stops the clock, and neither one was done here. It seems to me that what you're really asking us to do is just ignore Rule 4A.7, which was designed expressly to abrogate the United States against Indra Loonis. The holding of Indra Loonis was you're always safe in waiting for the Rule 58 judgment. That gets abrogated by Rule 4A.7. And you want us to go back to the old world. It might be a good thing to do, but that rule is there. The reason this is not the same as waiting indefinitely for the separate document is because there was another condition that the court told the parties had to be satisfied before there was a final decision. It's just not praised as a condition. It says the motion for summary judgment is granted, and then it says for reasons to be stated later. Well, it doesn't. It says for reasons to be stated before. We sometimes enter a judgment that says the judgment is affirmed, opinion to follow. I think it's very clear that the time to seek certiorari starts ticking the day that thing is entered, even though the opinion hasn't followed yet. I think that's what the Supreme Court thinks, too. And it's certainly what you'll find in stern ingressment. The Supreme Court practice and this court's practice doesn't take into account this other issue, which we have motivating the district court, which is the March 31st deadline. That's the day on which the court has to report pending motions. Look, your position is that this was done so that the case would no longer be under advisement on March 31. And if it's no longer under advisement on March 31, that means it's been decided. That's not what the D.C. Circuit held in the St. Mark's Place case that we rely on. In that case, the court treated it as an administrative closure for the purpose of reporting and held that. . . The D.C. Circuit chose to treat what a district judge had done as a fraud. We tend not to treat district judges as committing frauds. I don't. . . under Rule 4A, 7A because it was filed within 180 days of the district court's order. Your problem is that your appeal is not timely under Rule 4A, 7A. I don't think it's. . . I would not agree that the D.C. Circuit treated the district court's ruling as a fraud. I think that the D.C. Circuit was critical of what the district court did in that case. But it also said we take the district court as its word. And it said we're going to rely on the intent of the district court. So district courts get to determine when they decide cases. And that's exactly what happened here. The district court decided when it would decide the case that it took it over a year to issue this written judgment. And that's when it decided the case, when it satisfied the condition in its initial docket entry. We also say these other cases where courts have considered when there are two documents that could be considered the final judgment and have ruled in a way to protect litigants' rights to appeal. And that's what we're asking the court to interpret the rules here, not jurisdictional statutes, but claim processing rules in order to protect the litigants' right to appeal. That any other rule is leaving the litigants at the mercy of the district court. If there are no other questions about the jurisdictional issue. . . I'll save the rest of the time. And we'll stand on our brief for the arguments about the warrant and the search. Thank you. Thank you, Counsel. Good morning, Your Honors. Ms. Demetra. May it please the Court. This is a case in which police relied on information they received from a confidential informant whose identity was known to police and who testified in person before the warrant issue and judge. In circumstances of this case, police is entitled at the minimum to qualified immunity. I think you, too, need to start with appellate jurisdiction. That's always the first issue. Right, Your Honor. So once this court brought to our attention the specific jurisdictional issue, we went back to the chronology of orders. We reexamined the rules. And it is our position that the minute order entered in this case on March 31, 2016, may constitute the final order because it contains the language that defendant's motion for summary judgment is granted. So the court is done with the case. The fact that the court may explain its reasons later does not alter the finality of the court's decision. Certainly, the order could have said, I mean, it could have contained additional language to alert the parties that the court is done, like that the case is, for instance, closed, terminated, and didn't include that particular language. But there are certainly indicia in this particular minute order to indicate to the parties that the court is done with the case. And as a matter of fact, it was the final decision in the case. When ultimately the memorandum opinion and order followed in August of 2017, it didn't change anything about the disposition of the case. The disposition remained the same. So if we construe the minute order dated March 31, 2016, as the final order, then under the amended rules, the judgment was entered 150 days after this minute order, which would have been on August 29, 2016. And because Ms. Walker didn't file her notice of appeal, at least protective notice of appeal by that point, it could be construed that this court does not have jurisdiction. Do you think that Rule 4A, 7A is a jurisdictional rule? Well, it is the rule that defines when the final order or judgment is entered. So it is in that sense. And the statutory jurisdictional requirement is to file a notice of appeal 30 days from the entry of the final order or judgment. So in that sense, it is a jurisdictional rule. And if so, the fact that we didn't address that issue initially in our response, that would not affect the analysis of this court. The question I have is a variant on Bowles against Russell. Is there any jurisdictional rule here other than 30 days or 60 from the Rule 58 judgment? I think it's all intertwined in the sense that the rule is that it has to be 30 days from the entry. And the Rule 38, Rules of Appellate Procedure 4, they define what the entry is. So in that sense, it's jurisdictional. It is a matter of jurisdiction. Maybe I'm just not being adequately clear. The Supreme Court held earlier this term in Hammer against Neighborhood Services that rules other than the final judgment rule itself are not jurisdictional. Yes, I've examined that case. And what the Supreme Court held is that when the time limits are set by court rules and not a statute, then they are not jurisdictional and they could be waived or forfeited. It is our position here that in that sense, the 150-day limit is not jurisdictional and it doesn't set this time within which to file the appeal. That time is set by the statute. What the rules do is they define what constitutes the entry. So that is our position. So under Hammer, we would say that in that sense, it's not jurisdictional. But it is a novel issue in that sense. So that is our position on the jurisdictional issue. And going back to the merits of the appeal, in this case, police was entitled to qualified immunity because it was not unreasonable for them under the totality of the circumstances test to believe that the information from the informant was credible. In the totality of the circumstances approach, it looks at five factors. The level of detail in the information, the extent of firsthand observation, the degree of independent police corroboration of illegal activity, the time between the events reported and the warrant application, and whether the informant appeared personally before the judge. In applying these factors in this case, it was not unreasonable for officers to believe Jane Doe. Her information was based on firsthand observations. It was recent. She reported to police that the most recent purchase took place within 24 hours of warrant application. She made the statements against her penal interest, which was considered important because she conceded that she was a heroin user and she was in possession of narcotics effectively for the last six months and most recently within the last 24 hours. She gave a detailed account of how she gets to the dealer's residence. And indeed, Officer Wetherspoon testified that he found it very persuasive that she was very directional in the location, as he put it. He said that she didn't fit that location, that high narcotic activity local area, yet she was comfortable in that surrounding where she clearly did not belong. So she described in detail her dealer and how the transactions take place. It was persuasive for Officer Wetherspoon that she was not promised anything in return for the statements. She was not arrested. Prior to giving the statements, that was not the reason why she gave the statements. She also appeared afraid that she would learn that she was corroborating, communicating with the police. She appeared apprehensive about being seen with him or that she would find out. And she made the statements not only to several police officers. She also came to the first meeting with Officer Wetherspoon at the police station with her father. And her father was in the same squad car when Officer Wetherspoon, following her directions, drove to the residence. She also testified in person before the warrant-issuing judge, who questioned her about her previous drug purchases and the most recent purchase. And indeed, Officer Wetherspoon, in his deposition, explained in detail what the judge questioned Jane Doe about. So he questioned her about the facts pertaining to the complaint, about her purchasing and use of narcotics, when was she at the location, how long she had been using narcotics. He asked her about the guy, T, if she knew his full name, and she didn't, about the circumstances surrounding her actual purchase of narcotics on October 24, 2011. The judge also showed her the photograph of the location and asked her if that is where she obtained her narcotics. And all these factors constitute important indicia of reliability. They bring important indicia of reliability to the information she provided. And certainly the Fourth Amendment and the qualified immunity doctrines, they tolerate reasonable mistakes. So just because after the fact, we know that the police in the mess in which that apartment was, that house was, did not locate any narcotics, it doesn't mean that officers were not reasonable in relying on the information as it was presented to them at the time when they were communicating with Jane Doe. Now, Ms. Walker, she places emphasis on one factor exclusively, the lack of independent police corroboration of illegal activity at the residence. But this court has previously explained that emphasis on corroboration alone is misplaced. No one factor is determinative in weighing an informant's credibility. A weakness in one may be upset by a strength of others. That was said in the United States with Hansmeier. She also points to no analogous case law. And indeed, the cases that she cites, they include cases involving anonymous tipsters. And here Jane Doe was very far from being an anonymous tipster. Officer Wetherspoon knew exactly her identity. He ran a background check and shared it with the judge. Now I see that my time is expiring. So on all this, based on the totality of circumstances, it was not unreasonable for police officers to believe her information. Thank you, counsel. Thank you. Thank you. Anything further, Mr. Flagsman? The court asked about the Hammer case, and I believe what counsel for appellees agreed was that the holding of Hammer that Rule 4A-5C is not jurisdictional applies here, that the rule that the court has been discussing, Rule 4A-7A-2, is also non-jurisdictional. Of course, the problem is the Supreme Court said Rule 4A-5C, although it's not jurisdictional, is still a mandatory claims processing rule. It did. And here, unlike in Hammer, the appellees have invoked the benefit of 4A-7A. Well, I think that they have. By belatedly invoking it, there's an argument for forfeiture by their conduct in the district court. It would be more interesting had you made an argument for forfeiture, but you just ignored Rule 4A-7A. I can't find a discussion of it in your papers. If you want to say it's not jurisdictional, please treat it as forfeited because of the delay, you've got to discuss it. Your Honor, if I could have leave to file a supplement to address Hammer in this question. If we wish a supplement, we will ask for one. Okay. Thank you. Thank you. Case is taken under advisement.